**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MARIA L. LOPEZ, individually and )<br>d/b/a Zapata's and ZAPATA'S )<br>MEXICAN GRILL, INC., an Oklahoma )<br>Corporation d/b/a Zapata's )<br>)<br>Defendants. ) | NO. CIV-12-0258-HE |

## ORDER

Plaintiff J & J Sports Productions, Inc. ("J & J Sports") sued defendants Maria L. Lopez, individually and d/b/a Zapata's, and Zapata's Mexican Grill, Inc., asserting claims under the Federal Communications Act of 1934 and the Cable and Television Consumer Protection and Competition Act of 1992, based on defendants' alleged interception and unauthorized showing of the Pacquiao-Clottey, WBO Welterweight Championship Fight Program at Zapata's Mexican Restaurant on March 13, 2010. Plaintiff claims defendants violated its rights as the exclusive commercial domestic distributor of the television fight program.

Plaintiff has moved for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" Carter v.

Pathfinder Energy Services, Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting Zwygart v. Bd. of Cnty. Comm'rs, 483 F.3d 1086, 1090 (10th Cir.2007)).  Plaintiff's motion is premised in part on admissions it asserts defendants were deemed to have made when they failed to respond its requests for admission.  See Fed.R.Civ.P.36(a)(3). ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").  Defendants did respond to plaintiff's discovery requests, but sent them to the wrong address.  So, plaintiff did not receive them.  Under these circumstances, the court finds it inappropriate to deem the matters admitted.  As plaintiff states in its reply brief that, if the court disregards the admissions, liability is still proper under 47 U.S.C. § 605,[1] the court will proceed to consider plaintiff's claim under the Federal Communications Act, 47 U.S.C. § 605(a).

## Background

J & J Sports was granted the exclusive nationwide television distribution rights to *"The Event": Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program* ("the Program"), which was telecast nationwide on Saturday, March 13, 2012. Plaintiff's distribution rights included "all undercard events as well as the main event and all color commentary."  Doc. #27, p.2 at ¶1.  J& J Sports entered into sub-licensing agreements with different commercial entities, granting them limited sub-licensing rights to publicly

---

[1]Doc. #29, p.4 n.3.

exhibit the Program. Although defendants did not purchase a commercial license from plaintiff to exhibit the Program, it was shown at Zapata's on March 13, 2012.

Analysis

Section 605(a) of Title 47, United State Code provides in part that

> no person receiving, [or] assisting in receiving ... any interstate or foreign communication by wire or radio shall divulge or publish the ... contents ..., except [in authorized circumstances.] No person not being authorized by the sender shall intercept any radio communication and divulge or publish the ... contents ...of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication ... for his own benefit or for the benefit of another not entitled thereto.

Under § 605(e)(3)(A), "[a]ny person aggrieved by any violation of [§ 605(a)] may bring a civil action" and seek injunctive relief, damages and attorney's fees. Courts have repeatedly characterized §605 as a strict liability statute, finding liability where a defendant admitted the plaintiff had the exclusive licensing rights for a fight and admitted broadcasting the fight without the plaintiff's authorization. *E.g.*, J & J Sports Prod., Inc. v. Aguilar, 2013 WL 425034 (W.D. Okla. 2013).

Defendants have admitted that plaintiff had the exclusive distribution rights for the Program, that they did not purchase a license from plaintiff and that they exhibited the Program at their commercial establishment. Nonetheless, they claim they legally exhibited the Program because they "went through [their] direct TV representative who authorized, approved and set up showing of the subject fight." Doc. #28, Exhibit 3. Defendants assert that Direct TV was a "provider" that entered into a sub-licensing agreement with plaintiff.

3

The problem with defendants' argument is that they fail to offer any evidence that DirecTV was one of plaintiff's sublicensees or subcontractors. They respond to plaintiff's Statement of Fact #2 – "Plaintiff entered into sub-licensing agreements with various commercial entities" – with "Defendant admits the Plaintiff had entered into sublicensing agreements and subcontracts with various providers including Direct TV." Doc. #28, p.1. As plaintiff points out in its reply brief, defendants' response is "nonresponsive" and unsupported. They offer nothing to controvert plaintiff's proof that it marketed the exhibition rights in the Program to its "commercial customers (i.e., casinos, racetracks, bars, restaurants, and nightclubs)," Doc. #27, Exhibit 1, not satellite programming providers such as DirecTV. While defendants may have been authorized by a DirecTV representative to broadcast the fight, the DirecTV representative did not have authority to give them permission to broadcast it. The violation of the statute may not have been willful, however that is not a defense. Aguilar, 2013 WL 425034 at *1. Lack of intent or knowledge may reduce damages. See 47 U.S.C. §605(e)(3)(C)(II)(iii).

Plaintiff has demonstrate that § 605 was violated. However, plaintiff relied on what it assumed were defendants' admissions in asserting both that Ms. Lopez was individually liable and the damages it sought. Therefore questions remain as to whether defendant Lopez is liable in her individual capacity and the amount of damages plaintiff is entitled to recover. *See id.*

Accordingly, plaintiff's motion for summary judgment [Doc. #26] is **GRANTED** as to defendant Zapata's Mexican Grill, Inc. with respect to the issue of liability. A question

of fact remains as to the damages plaintiff is entitled to recover from the corporation. The motion is **DENIED** as to defendant Lopez. The court concludes a settlement conference should be held regarding the remaining issues of Ms. Lopez's liability and plaintiff's damages.

    **IT IS SO ORDERED**.

Dated this 23rd day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE